IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Untied States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Mario Timothy Hodges, ) | Case No. 1:25-cr-058 |
| ) | |
| Defendant. ) | |

Defendant is charged in an Indictment with the offense of failure to register in violation of 18 U.S.C. § 2250. (Doc. No. 2). Finding him indigent, the court has appointed the Federal Public Defender's office to represent him in this matter. (Doc. No. 7).

On May 27, 2025, the court issued an order conditionally releasing Defendant to the Hope and Healing Addiction Treatment Centers' ("H&H") inpatient treatment facility in Gilbert, Arizona, with the caveat that he was to surrender to the custody of the United States marshal if terminated from H&H for any reason. (Doc. No. 30).

On July 22, 2025, Defendant was informed that he was being discharged from H&H as his insurance coverage had ended. (Doc. No. 31). On July 23, 2025, Defendant returned to North Dakota and surrendered to the custody of the United States marshal. (Id.). Defendant is currently being housed at the Burleigh Morton Detention Center.

On August 6, 2025, the court received a letter from Defendant. (Doc. No. 32). In the letter, Defendant discusses, inter alia, his unanticipated discharged from H&H, return to North Dakota, and surrender to the United States marshal. (Id.). At the conclusion of the letter he advises that, since surrendering, he has "not seen anyone for mental health, and or many meds." (Doc. No. 32). He

1

also requests new representation in this matter.

It is incumbent on the United States Marshals Service to address any medical issues experienced by individuals in its custody. Consequently, Defendant should alert the United States Marshals Service of his medical concerns. Insofar as Defendant is requesting the appointment of substitute counsel, his request (Doc. No. 32) is **DENIED**.

Whether to accede to Defendant's request and appoint new counsel to represent him is a matter committed to the sound discretion of the court. United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003). Defendant must show a justifiable dissatisfaction with counsel in order to be granted a substitute. Justifiable dissatisfaction sufficient to warrant the appointment of new counsel includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communications between Defendant and his counsel. Id. (quoting Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991)). The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of the advocacy. Defendant does not have the absolute right to counsel of his own choosing. The primary aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant, rather than to ensure that each defendant will be represented by the lawyer he prefers. United States v. Johnson, 121 F.3d 1141, 1144 (8th Cir. 1997).

The court is not inclined on the present record to appoint substitute counsel for Defendant. First, Defendant's eligibility for court-appointed counsel does not entitle him counsel of his choosing. Second, Defendant does not take issue with the quality of his court-appointed counsel's advocacy. Third, it does not appear that there has been an irreconcilable conflict or an irreparable breakdown in communication between Defendant and counsel.

In sum, the court finds there is no justifiable basis for appointing substitute counsel for

Defendant.  Defendant's request for the appointment of substitute counsel is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court